**Dissenting Opinion to Denial of Rehearing En Banc filed August 30, 2012.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-11-00994-CV**

---

**IN RE THE KNIGHT CORPORATION, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 09-DCV-176316**

---

## DISSENTING OPINION TO DENIAL OF REHEARING EN BANC

I respectfully dissent to the denial of rehearing en banc because I conclude that the panel opinion departs from uniform precedent on the standard for reviewing jurisdictional evidence.[1]  The panel's departure from the proper standard causes it to hold that a defendant with (a) Texas customers and vendors; (b) an address in Texas that it advertises over the internet and elsewhere; (c) manufacturing facilities in Texas; (d) manufactured

---

[1] *See* TEX. R. APP. P. 41.2(c).

products that bear the company name and its Texas address and telephone number; and (e) an 18-year-old Texas bank account, to which it makes systematic and regular deposits, is not subject to personal jurisdiction in Texas.

### *Introduction.*

Susana sued Knight Corporation ("Knight Corp."). Susana alleged that Knight Corp. does business in Texas. Knight Corp. offered evidence that it does not. Susana offered evidence that Knight Corp. does business in Texas. The trial court denied Knight Corp.'s special appearance. We should grant en banc review because the panel improperly stepped into the role of fact finder, rather than looking for "some evidence" of general jurisdiction that would support the trial court's decision denying Knight Corp.'s special appearance.

### *The Appellate Standard for Reviewing Conflicting Jurisdictional Evidence.*

Where the trial court, as fact finder, resolves a special appearance without issuing findings of fact and conclusions of law, our appellate standard of review commands that we:

(a) infer every fact finding necessary to support the judgment if it is supported by the evidence, *see BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002), and

(b) uphold the trial court's decision if it is supported by "some evidence," *see Spir Star AG v. Kimich*, 310 S.W.3d 868, 880 (Tex. 2010) (holding that "[u]nder the appropriate standard of review, our task ends when, as here, some evidence supports the trial court's denial of [defendant's] special appearance").

The panel failed to do so, and, therefore, we should grant en banc review.

### *The Panel Made Fact Findings.*

A review of the categories of contacts analyzed by the panel reveals the panel's slip into the role of fact finder.

A. Sales and Purchases in Texas

- Susana[2] testified[3]: Knight Corp. **sells and purchases products in Texas**. Knight Corp. purchases raw materials and other products in Texas for re-sale in Texas.

- Knight Corp. testified: Any alleged sales to Texas customers are merely the sales of its subsidiary Knight Filter, or sales to customers located outside Texas for which Knight Corp. may ultimately "drop ship" the products to end-users located in Texas.

The panel stated: "Knight Filter's sales in Texas cannot weigh as a contact of Knight Corp. to support general jurisdiction."

The proper standard of review requires that we infer that the trial court found that Knight Corp.'s sales were not merely the sales of its subsidiary Knight Filter. Susana's evidence is some evidence that Knight Corp. sells and purchases products in Texas.

B. Website

- Susana testified: Knight Corp.'s website, brochure, and other advertisements show both Knight Corp.'s Pennsylvania and Texas locations.

- Knight Corp. testified: The Texas location on the website is occupied solely by Knight Filter, not Knight Corp. The website belongs to both Knight Corp. and Knight Filter, and provides a method for routing inquiries from Texas customers to Knight Filter, not a Texas office for Knight Corp.

The panel stated: "We conclude that Knight Corp.'s website is passive, and does not support the trial court's finding of continuous and systematic contact."

The proper standard of review requires that we infer that the trial court found that Knight Corp. advertises on its website and elsewhere that it has a Texas location.

---

[2] Knight Corp. does not challenge Susana's competence on these matters—perhaps because Susana worked for the related entity Knight Filter.

[3] My reliance on testimonial statements taken from Susana's affidavit is not intended to discount the fact that Susana also attached hundreds of pages of exhibits to her affidavit regarding these facts. These exhibits include, among other things, invoices and purchase orders showing sales between Texas customers and Knight Corp.'s Pennsylvania office, screenshots of a "Knight Corporation" website listing a "Houston Location" and a "Philadelphia Location," and bank statements in the name of "The Knight Corporation" sent to a Texas address.

3

Susana's evidence is some evidence that Knight Corp. holds itself out to the world as having a Texas office. The panel's website analysis misses the mark. That a website is passive means only that the existence of the website visible to Texas residents, standing alone, is insufficient to constitute doing business. *See The Experimental Aircraft Ass'n, Inc. v. Doctor*, 76 S.W.3d 496, 506–07 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Nothing in our jurisprudence suggests that a passive website that brags of doing business in Texas is jurisdictionally irrelevant. Our analysis finds an irrelevant fact and ignores a vital one.

C. The Texas Bank Account

- Susana testified: Knight Corp. has maintained **a Texas bank account** for approximately 18 years, and the statements come to Susana's home in Texas.
- Knight Corp. testified: The Texas bank account was mistakenly established in the name of Knight Corp. instead of Knight Filter, or was established in the name of Knight Filter and mistakenly changed to Knight Corp.

The panel stated: Knight Corp.'s evidence shows "that the Houston bank account belonged to Knight Filter but was improperly titled in the name of Knight Corp. . . . Those documents reveal that the account was opened by Knight Filter." And, although Knight Corp. makes deposits to the subject bank account two times each month, "[t]he deposits made by Knight Corp. into its subsidiary's account do not show purposeful contacts with Texas."

The proper standard of review requires that we infer that the trial court found that Knight Corp. itself has a long-standing Texas bank account. Instead, the panel conducted fact finding and concluded that the bank account was not even Knight Corp.'s account. In short, the panel accepted Knight Corp.'s explanation regarding the bank account and disregarded the trial court's implicit finding. Susana's evidence is some evidence that Knight Corp. opened and maintains a Texas bank account.

4

D. <u>The Other Disregarded Evidence</u>

- Susana testified: Knight Corp. **has manufacturing facilities in Texas and all products manufactured by Knight Corp. are labeled with "Knight Corporation" and show the company's Pennsylvania and Texas locations and telephone numbers.**

- Knight Corp. testified: Knight Corp. does not manufacture in Texas.

The panel did not address this evidence. Instead, the panel recasts the evidence: "Susana's arguments can be read to allege that the trial court has general jurisdiction over Knight Corp. because it is Knight Filter's alter ego."

The proper standard of review requires that we infer that the trial court found that Knight Corp. has manufacturing facilities in Texas, and that its products are labeled "Knight Corporation" and show a Texas address and telephone number. Susana's evidence is some evidence of those jurisdictional facts.

***Conclusion.***

It is difficult to imagine how a company with (a) Texas customers and vendors; (b) an address in Texas that it advertises over the internet and elsewhere; (c) manufacturing facilities in Texas; (d) manufactured products that bear the company name and its Texas address and telephone number; and (e) an 18-year-old Texas bank account, to which it makes systematic and regular deposits, could have any more general-jurisdiction contacts. Having applied the wrong standard of review, the panel disregards the evidence and each of these facts impliedly found by the trial court. We should grant en banc review to bring this decision into uniformity with our precedent for reviewing jurisdictional evidence. Accordingly, I respectfully dissent.

/s/     Sharon McCally
Justice

En Banc Court consists of Chief Justice Hedges and Justices Frost, Seymore, Brown, Boyce, Christopher, Jamison, McCally, and Busby. (Seymore, J., joins the dissent).